**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHELSEA ELIZABETH MANNING,  )
             )
      Plaintiff,  )
v.             )   Civil Action No.  1:14-cv-1609 (CKK)
             )
CHUCK HAGEL, *et al.*,    )
             )
      Defendants.  )
_____)

## DEFENDANTS' MOTION TO EXTEND THE BRIEFING SCHEDULE AND MEMORANDUM IN SUPPORT

Defendants respectfully request that the Court grant a limited extension to the deadlines set forth in the Scheduling and Procedures Order (ECF No. 12) issued on September 26, 2014. Specifically, Defendants request an extension of twenty-one days for their initial filing, moving that deadline from October 30, 2014 to November 20, 2014, and an extension of approximately the same amount of time for the subsequent briefs to be filed in this case.  This is Defendants' first request for an extension of time, and Defendants have good cause for seeking such an extension, as set forth herein.  Pursuant to Local Civil Rule 7(m), Plaintiff's counsel consents to the extension for Defendants' merits response, but does not consent to the extension for Defendants' motion to dismiss.  As set forth in more detail below, it makes little sense to bifurcate initial briefing, and there is no prejudice to Plaintiff if the Government's briefing remains consolidated and extended for twenty-one days.

## BACKGROUND

Plaintiff Chelsea Manning is currently incarcerated in the United States Disciplinary Barracks ("USDB") in Fort Leavenworth, Kansas.  On September 23, 2014, Plaintiff filed her Complaint alleging that Defendants are violating the Eighth Amendment to the United States

Constitution for their alleged failure to provide certain forms of medical treatment for Plaintiff's gender dysphoria.  Simultaneously, Plaintiff sought relief in the form of a preliminary injunction against Defendants.

The Court conducted a status conference with the parties on September 26, 2014, during which the parties agreed to treat Plaintiff's motion for a preliminary injunction as a request for a decision on the merits.  The parties also agreed to consolidate Defendants' response on the merits with the presentation of any grounds in support of dismissal.  The Court thereafter set forth a briefing schedule on Plaintiff's pending motion.  *See* Scheduling and Procedures Order (Sept. 26, 2014).  Under the current briefing schedule, Defendants' motion to dismiss and their opposition to the merits argument is due on or before October 30, 2014.  *Id.* at 1.  Plaintiff's opposition and reply is due by November 13, 2014, and Defendants' reply in support of their motion to dismiss is due by November 20, 2014.  *Id.*

Before concluding the status conference on September 26, 2014, the Court encouraged the parties to continue discussing the issues in the litigation with each other "to see whether perhaps you can narrow some of the concerns and issues here as to what treatment is really in dispute and what's not and whether it's strictly a timing problem or whether there's a dispute about getting the treatment, period."  Status Conf. Tr. (ECF No. 15) at 29; *see also id.* at 30 ("I'm hoping that you will do all of this in between so there is a record that plaintiffs can look at to see whether this thing is progressing and I can make a decision on it.").

Since the status conference, Defendants have been working diligently to provide information to Plaintiff's counsel concerning Plaintiff's treatment, and to narrow the potential scope of disagreement in this lawsuit.  As a result of Defendants' efforts, the factual situation regarding Plaintiff's requested treatment has materially changed and over the next few weeks

will continue to change in several respects.  These changes place the posture of Plaintiff's claim in a state of flux.  For example, certain decisions concerning Plaintiff's treatment have been made (and will continue to be made in the coming weeks) that will help clarify, as the Court framed the issue, "whether it's strictly a timing problem or whether there's a dispute about getting the treatment, period."  Status Conf. Tr. at 29.

For this reason, Defendants proposed to Plaintiff's counsel that the current briefing schedule be extended by twenty-one days in order to allow more time for the development of the state of the record on which further litigation would proceed.  Plaintiff's counsel agreed only with respect to the merits aspect of further briefing, not as to the presentation of Defendants' arguments in support of dismissal.  That approach would require an inefficient bifurcation of briefing and consideration of the issues by the Court.  Defendants therefore seek a single (and short) extension of twenty-one days for consolidated briefing on all issues, as originally contemplated by the Court.

## ARGUMENT

There is good cause for a short extension of the current briefing schedule.  *See* FED. R. CIV. P. 6(b).  First, because the factual situation concerning Plaintiff's treatment will continue to evolve and provide additional clarity in the coming weeks, the current briefing schedule will not result in providing the Court a suitable record on which the Court could make a decision on Plaintiff's Eighth Amendment claim.  The facts to be discussed in the parties' respective merits briefs—currently scheduled to be filed on October 30th and November 13th—will become outdated before the full briefing schedule concludes on November 20, 2014.  Even under the current schedule, then, additional briefing will be necessary after November 20th in order to provide the Court with the updated facts necessary to decide Plaintiff's Eighth Amendment claim.

Additionally, the evolving factual developments may continue to narrow the potential scope of disagreement in this case (and may even eliminate some issues from the litigation entirely).   Providing a more up-to-date record would thus not only benefit the Court's consideration of Plaintiff's Eighth Amendment claim, but would also help ensure that the issues being litigated are actually in dispute (*i.e.*, that the issues will not become moot before the briefing schedule even concludes).

Finally, this small extension of the briefing schedule is also necessary to provide Defendants' counsel with sufficient time to draft a comprehensive merits response addressing these new factual developments.  In light of the fluid and evolving factual situation, Defendants' counsel have been unable to draft a response ready to be filed on October 30th, and therefore need additional time to prepare a comprehensive response that will adequately address all of the recent (and upcoming) factual developments.

In sum, Defendants respectfully request a short extension of the briefing schedule in order to avoid unnecessary filings, to provide a more fulsome and up-to-date record for the Court to review, to allow for the possibility that the evolving events over the next few weeks may narrow, or even eliminate, certain issues from this litigation, and to provide undersigned counsel with sufficient time to draft a comprehensive merits response regarding the new factual circumstances.  As recognized by the Court at the Status Conference, these ongoing factual developments constitute good cause for granting a limited extension of time.

Specifically, Defendants respectfully request an extension of twenty-one days for their initial filing, moving that deadline from October 30, 2014 to November 20, 2014.   That extension would require moving the deadlines for the parties' subsequent briefs (but no other deadlines).  As set forth in the attached proposed order, Defendants propose that the deadline for

Plaintiff's opposition and reply be extended until December 10, 2014; and the deadline for Defendants' reply be extended until December 19, 2014.

Pursuant to Local Civil Rule 7(m), Defendants' counsel consulted with Plaintiff's counsel regarding this motion's requested relief.  Plaintiff's counsel consents to the above schedule with respect to the parties' merits filings only.  With respect to the schedule for addressing any grounds in support of Defendants' motion to dismiss, Plaintiff's counsel opposes the above schedule.  Plaintiff's counsel stated that they would consent to this schedule for the motion to dismiss provided that Defendants "identify whatever grievance procedures the government believes that [Plaintiff] didn't exhaust with respect to her different claims and complaints." Plaintiff's counsel had not previously raised this request for information, and by this request seeks to condition a short extension of the briefing schedule on advance disclosure by Defendants of the substantive grounds for a potential argument that Defendants may raise in a motion to dismiss.  Defendants informed Plaintiff's counsel that Defendants would instead file a motion to extend the time for Defendants' consolidated response, including with respect to the grounds for a motion to dismiss.

There are several reasons why an extension is warranted as to all grounds Defendants may raise in their response, including for dismissal.  First, the evolving factual scenario described above affects Defendants' potential exhaustion arguments as well, because allowing the facts to develop over the next few weeks will provide clarity about which requests remain within administrative channels for further consideration, and which requests have been fully acted upon by Defendants.  Indeed, in these circumstances, Defendants have not yet finally resolved what grounds it may raise as a basis for dismissal.

Second, as discussed and agreed upon during the Status Conference, the most efficient path forward in this case is for the parties to consolidate their motion to dismiss and merits briefing.  *See* Status Conf. Tr. at 24-25 (both parties agreeing to this approach).  This approach will conserve both the Court's and the parties' resources, because it will result in only four total briefs, rather than six.  Furthermore, the six briefs would almost certainly be duplicative in some respects—*i.e.*, Defendants may move to dismiss for failure to state a claim upon which relief may be granted, *see* FED. R. CIV. P. 12(b)(6), and that argument would overlap significantly with Defendants' ultimate merits filing.  Finally, given that Plaintiff is agreeable to postponing the briefing on the merits of her claim by a few weeks, there is plainly no urgency that could justify requiring Defendants to file a separate motion to dismiss on certain issues under the prior schedule—almost a month in advance of when that motion would normally be due under the Federal Rules.  *See* FED. R. CIV. P. 12(a)(2).  Defendants respectfully request, therefore, that the Court enter a single, consolidated briefing schedule, as set forth above and in the proposed order.

Defendants recognize that this motion's references to various "factual developments" are general in nature, but that is because the details relate to the ongoing (and potential future) changes to Plaintiff's medical treatment.  In the event that the Court wishes to learn additional information about the ongoing factual changes with regard to Plaintiff's medical care in connection with this motion to extend time, Defendants respectfully request that the Court schedule a Status Conference, either in-person or telephonic, in order to discuss these issues.  Also, Defendants are currently negotiating the terms of a Privacy Act and Health Insurance Portability and Accountability Act (HIPAA) Protective Order with Plaintiff's counsel.  Once that Protective Order is entered, Defendants expect to be able to provide additional details regarding the ongoing (and potential future) changes to Plaintiff's medical treatment.

Dated:  October 27, 2014

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Daniel Schwei___*
Daniel Schwei (N.Y. Bar)
Robin Thurston (Illinois Bar)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:    (202) 305-8693
         (202) 616-8188
Fax:    (202) 616-8470
Email:  daniel.s.schwei@usdoj.gov
         robin.f.thurston@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*