**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHELSEA ELIZABETH MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  1:14-cv-1609 (CKK) |
| | ) | |
| ASHTON CARTER, *et al.*, | ) | **REDACTED – ORIGINAL FILED** |
| | ) | **UNDER SEAL** |
| Defendants. | ) | |
| _____ | ) | |

**<u>JOINT STATUS REPORT</u>**

1.      By Minute Order dated October 27, 2016, the Court directed the parties to "file a joint status report indicating whether intervening events have mooted Defendants' pending motion [to dismiss], or whether the Court should proceed to resolve the pending motion."  The Court's Minute Order also directed that the parties may file supplements "[i]f the parties seek to have the Court proceed to resolve the pending motion and the parties seek to supplement their arguments in light factual and legal developments that the parties believe are material to the Court's consideration of the pending motion[.]"

2.      The parties have conferred and agree that this case and Defendants' pending motion are not moot. Plaintiff remains subject to the USDB's grooming standards regarding hair length.  Accordingly, there remains a present dispute between Plaintiff and Defendants, and the legal issues presented in Plaintiff's Amended Complaint and Defendants' motion to dismiss are not moot.

3.      Although as noted below some circumstances have changed since briefing was completed on Defendants' pending motion to dismiss, the parties agree that those changes are not material to the Court's resolution of the issue presented by Defendants' motion to dismiss: whether Plaintiff's Amended Complaint (ECF No. 41) fails to state a claim upon which relief

may be granted under Federal Rule of Civil Procedure 12(b)(6).  The parties agree that the existing pleadings and filings are sufficient for the Court to determine that issue.

4.      For the Court's awareness, each party wishes to note some of the circumstances that have changed over the past year.  The parties do not necessarily agree with the factual characterizations offered by the other party below, and do not forego any right to challenge or dispute the characterizations set forth below.

a.      **Defendants wish to note the following:**  In May 2016, Plaintiff filed her opening brief in the appeal of her underlying court-martial conviction.  That appeal remains ongoing before the United States Army Court of Criminal Appeals.  Additionally, consistent with the Secretary of Defense's decision in June 2016 to allow transgender individuals to serve openly in the military, over the past several months Defendants have created, and are now in the process of implementing, new policies governing the medical treatment and gender-transition process for military servicemembers.[*]  Defendants are in the process of establishing the multi-disciplinary treatment team that will assess and make any necessary adjustments to Plaintiff's existing treatment plan.  The Army policy also creates an administrative process for a servicemember to officially change his or her gender in the Defense Enrollment Eligibility Reporting System (DEERS).  Absent an exception to policy, the gender marker in DEERS governs which gender's grooming standards are applicable to a servicemember.  Accordingly, these new policies have the potential to provide Plaintiff, at an appropriate time, the relief requested in this lawsuit—*i.e.*, permission to follow female grooming standards.  Defendants

---

[*] The most relevant policy documents are:  Department of Defense Instruction 1300.28, *In-Service Transition for Transgender Service Members* (June 30, 2016); Memorandum from the Assistant Secretary of Defense for Health Affairs, *Guidance for Treatment of Gender Dysphoria for Active and Reserve Component Service Members* (July 29, 2016); and Army Directive 2016-35, *Army Policy on Military Service of Transgender Soldiers* (Oct. 7, 2016).  These policy documents are publicly available and Defendants have provided copies to Plaintiff's counsel.

have informed Plaintiff that these policies are applicable to her, but Plaintiff has not submitted a formal request pursuant to the policies with regard to her gender marker in DEERS.  To the extent Plaintiff were to demonstrate adequately, as part of a formal request, that she is unable to obtain any of the three forms of legal documentation required to support such a request, Defendants would address those circumstances with Plaintiff at that time.

   b.  **Plaintiff wishes to note the following:** PA/HIPAA

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████ On or around November 4, 2016, in accordance with the requirements enumerated in Army Directive 2016-35, Plaintiff requested from Dr. Galloway, her treating military medical provider, a recommendation that her gender be updated in the DEERS based on her having achieved stability in her female gender. Dr. Galloway declined. Plaintiff also maintains that Army Directive 2016-35 does not provide an avenue for the relief requested in this lawsuit due to the requirements outlined in Enclosure 2 of that Directive that a Solider must include with such a request for a gender change, "legal documentation supporting a gender change, consisting of a certified copy of a State birth certificate, a certified copy of a court order, or a U.S. passport showing the Soldier's preferred gender." Plaintiff is not able to obtain any such documentation without first receiving sex reassignment surgery or being released from custody because the relevant state laws do not allow such changes and an amended passport requires the submission of an in-person application. Prior to Defendants' submission above, Plaintiff was not informed of nor does the policy itself address any waiver of the documentation requirements outlined in Army Directive 2016-35.

5.      Notwithstanding the above developments, the parties agree that the legal issue presented in Defendants' pending motion to dismiss—whether the allegations in the Amended Complaint are sufficient to state a claim—is ready for disposition on the basis of the briefing presently before the Court.

Dated:  December 5, 2016

/s/ Chase Strangio
Chase B. Strangio (admitted *pro hac vice*)
Rose A. Saxe (admitted pro hac vice)
James D. Esseks
American Civil Liberties Union
125 Broad St., 18th Fl.
New York, NY 10004
Tel. 212.549.2627
Fax 212.549-2650
cstrangio@aclu.org
rsaxe@aclu.org
jesseks@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
of the Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, DC 20008
Tel. 202-457-0800
Fax 202-457-0805
artspitzer@aclu-nca.org

Paul Smith (D.C. Bar No. 358870)
Jenner & Block, LLP
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6066
psmith@jenner.com

Stephen Douglas Bonney
(admitted *pro hac vice*)
ACLU Foundation of Kansas
3601 Main Street

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

/s/ Daniel Schwei
Daniel Schwei (N.Y. Bar)
Robin Thurston (Illinois Bar)
Aimee W. Brown (Illinois Bar)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:    (202) 305-8693
          (202) 616-8188
          (202) 305-0845
Fax:    (202) 616-8470
Email:  daniel.s.schwei@usdoj.gov
          robin.f.thurston@usdoj.gov
          aimee.w.brown@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*

Kansas City, MO 64111
Tel. (816) 994-3311
Fax (816) 756-0136
dbonney@aclukswmo.org

David E. Coombs (admitted *pro hac vice*)
Law Office of David E. Coombs
11 South Angell Street, #317
Providence, RI 02906
Tel. 508-689-4616
Fax (508) 689-9282
info@armycourtmartialdefense.com

*Counsel for Plaintiff*